# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERNON R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:07CV234 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The petitioner has previously been given provisional leave to proceed in forma pauperis. (Filing No. 7.) The court has conducted initial review of the habeas corpus petition (filing no. 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court.

Condensed and summarized for clarity, the five claims asserted by the petitioner are these:

Claim One:     Construed as a Fifth Amendment double jeopardy claim, the Nebraska state court abused its discretion by imposing consecutive sentences for one offense when the court found petitioner guilty of multiple convictions for a single crime.

Claim Two:     Construed as a Sixth Amendment claim, the petitioner's conviction was obtained as a result of ineffective assistance of counsel because defense counsel did not object to the introduction of the victim impact statement and did not raise this issue on direct appeal.

Claim Three: Construed as a due process claim, the Nebraska state court abused its discretion by considering the victim impact statement when determining petitioner's sentence.

Claim Four: Construed as a Sixth Amendment claim, the petitioner's conviction was obtained as a result of ineffective assistance of counsel because defense counsel did not object to the imposition of consecutive sentences or raise this issue on direct appeal.

Claim Five: Construed as a due process claim, the petitioner was denied a right to post-conviction relief.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Accordingly,

IT IS THEREFORE ORDERED THAT:

(1) Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: The five claims listed in the body of this memorandum.

(2) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(3)     By October 25, 2007, the respondent shall file a motion for summary judgment or an answer.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: summary judgment or answer deadline expires October 25, 2007.

(4)     If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner except that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief.  In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

F.   If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions **including the release of the petitioner**.

(5)   If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

A.   No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is bared by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or

successive petition.   *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

B.   The answer shall be supported by all state court records which are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

C.   Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner, except that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief.  In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of  respondent's brief, the petitioner shall file and serve a brief in response.  The petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(6)     No discovery shall be undertaken without leave of the court.  *See* Rule
6 of the *Rules Governing Section 2254 Cases in the United States
District Courts*.

Dated September 11, 2007.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge