IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERNON R. JOHNSON, | ) | 8:07CV234 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, | ) | |
| Department of Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the petitioner Vernon R. Johnson's ("Johnson") Petition for Writ of Habeas Corpus ("petition"), filing No. 1. After initial review, the respondent filed an answer (filing no. 11) and a brief on the merits of the petition filing no. 14. The respondent also submitted state court records, filing No. 10. The petitioner filed a reply to the respondent's brief on the merits, filing No. 13.

Liberally construing the allegations of Johnson's petition, Johnson argues that his petition should be granted because:

1. Pursuant to the Fifth Amendment, the Nebraska state court abused its discretion by imposing consecutive sentences for one offense when the court found the petitioner guilty of multiple convictions for a single crime ("Claim One").

2. Pursuant to the Sixth Amendment, Johnson's conviction was obtained as a result of ineffective assistance of counsel because defense counsel did not object to the introduction of the victim impact statement and did not raise this issue on direct appeal ("Claim Two").

3. The Nebraska state court abused its discretion by considering the victim impact statement when determining Johnson's sentence ("Claim Three").

    4.      Pursuant to the Sixth Amendment, Johnson's conviction was obtained as a result of ineffective assistance of counsel because defense counsel did not object to the imposition of consecutive sentences or raise this issue on direct appeal ("Claim Four").

    5.      Johnson was denied a right to post-conviction relief because he was denied an evidentiary hearing ("Claim Five")[1].

(Filing No. 1 at CM/ECF pp. 5-10.)

## I. BACKGROUND

On December 9, 2005, the petitioner pleaded no contest to Criminal Possession of a Financial Transaction Device, Criminal Impersonation, and Second Degree Forgery, all class IV felonies, pursuant to a plea agreement, filing No. 10-2, Attach. 1, at CM/ECF pp. 7-8, 20. The petitioner was thereafter sentenced to serve 18-36 months on each count, with his time to be served consecutively. (*Id.* at CM/ECF p. 28.) On direct appeal, the only issue raised by the petitioner was that his sentence was excessive, filing No. 10-3, Attach. 2, at CM/ECF pp. 1-10. The petitioner's sentence was summarily affirmed by the Nebraska Court of Appeals on May 10, 2006, without an opinion, filing No. 10-8, Attach. 7, at CM/ECF p. 2. No petition for further review was submitted to the Nebraska Supreme Court. (*Id.*)

On September 11, 2006, the petitioner filed a pro se Verified Motion for Postconviction Relief ("post-conviction motion") in the District Court of Douglas County, Nebraska, filing No. 10-11, Attach. 10 at CM/ECF pp. 11-16. In his post-conviction motion, the petitioner generally asserted Claims Two and Four. (*Id.* at CM/ECF pp. 12-14.) The District Court of Douglas County, Nebraska, denied the petitioner's post-conviction motion without an evidentiary hearing and declined to

---

[1] As set forth below, the parties included a sixth claim in their briefs which the court did not identify in its initial review of this matter. The court addresses "Claim Six" below.

appoint counsel. (*Id.* at CM/ECF p. 17.) In its order, the district judge of Douglas County, Nebraska, stated that the petitioner was not entitled to post-conviction relief on his ineffective assistance of counsel claims because "there is no allegation of fact to support that the alleged deficient performance of counsel in any manner prejudiced the defense of the defendant." (*Id.*)

The petitioner appealed the post-conviction ruling and the petitioner raised Claims One through Five on appeal, filing No. 10-5, Attach. 4, at CM/ECF pp. 6, 12-21.) The petitioner successfully sought to bypass the Nebraska Court of Appeals, and the Nebraska Supreme Court summarily affirmed the District Court of Douglas County, Nebraska's post-conviction opinion on May 9, 2007, filing No. 10-10, Attach. 9, at CM/ECF p. 2. The Nebraska Supreme Court did not issue an opinion. The petitioner then timely filed this action on June 18, 2007, filing No. 1.

## II. STANDARD OF REVIEW

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts

3

contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### III. ANALYSIS

**A. Petitioner's Claims One and Three**

    1. Procedural Default/Exhaustion

As set forth in 28 U.S.C. § 2254(b)(1),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Additionally, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

    Where a state's highest court refuses to consider a federal claim on the merits because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review if the state court's

procedural ruling is independent of the federal question and adequate to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002); *accord Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.")

The Nebraska appellate courts have long operated under the rule that "[a]ny party who fails to properly identify and present its claim does so at its peril." *In re Guardianship & Conservatorship of Larson*, 708 N.W.2d 262, 275 (Neb. 2006). Further, the Nebraska appellate courts will "not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief." *State v. Caddy*, 628 N.W.2d 251, 257 (Neb. 2001).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins v. Kenney*, 410 F.3d 451, 456 n. 1 (8th Cir. 2005). Under Nebraska state law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003); *accord Hall v. State,* 646 N.W.2d 572, 579 (Neb. 2002). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled

to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins, 410 F.3d at 456 n. 1*.

The petitioner failed to raise Claims One and Three in his direct appeal, filing No. 10-3, Attach. 2, at CM/ECF pp. 1-10. In his post-conviction motion, the petitioner argued that he was entitled to post conviction relief because his counsel was ineffective for failing to object to the consecutive sentences and to the introduction of the victim impact statement, filing No. 10-11, Attach. 10, at CM/ECF pp. 12-14. However, these claims were presented only as ineffective assistance of counsel claims, and the petitioner did not raise Claims One and Three as independent grounds for which post conviction relief was warranted. (*Id.*) Therefore, because the petitioner did not raise Claims One and Three in his Post Conviction Motion in the District Court of Douglas County, Nebraska, that court did not address those claims.[2]

The plaintiff raised Claims One and Three for the first time in his post conviction appeal, filing No. 10-5, Attach. 4, at CM/ECF pp. 6, 12-20. However, the Nebraska Supreme Court summarily affirmed the District Court of Douglas County, Nebraska's decision without opinion or comment, filing No. 10-10, Attach. 9, at CM/ECF p. 2. The Nebraska appellate courts have long operated under the rule that it will "not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief." *State v. Caddy*, 628 N.W. 2d 251, 257 (Neb. 2001). Here, in the proceedings before the District Court of Douglas County, Nebraska, the petitioner failed to argue Claims One and Three. Because the petitioner failed to raise Claims One and Three and now cannot bring a successive post conviction action under Nebraska law, Claims One and Three are procedurally defaulted.

---

[2]Importantly, even if the petitioner had raised Claims One and Three in his post conviction motion, his failure to raise these claims on direct appeal would have barred them from consideration at the post-conviction stage. *See State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003); *accord Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).

### 2. Exceptions to Procedural Default

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999).

The petitioner argues that this court should reach the merits of Claims One and Three because his trial counsel was ineffective and he is "not a Lawyer, and this is petitioner's first litigation throughout the Nebraska's Court systems." (Filing No. 13 at CM/ECF p. 4.) The plaintiff also states that this court should reach the "substantive merits" of his petition because the procedural default question "cannot turn upon whether state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief." (*Id.* at CM/ECF p. 5.) Even liberally construed, the petitioner has not submitted any argument or evidence which shows that he was impeded in including Claims One and Three by some external, objective factor.[3] Rather, the petitioner seeks to be excused from his procedural default because he is an inexperienced pro se litigant. This is not enough to show cause and prejudice.

The petitioner also argues that he raised Claims One and Three but that the District Court of Douglas County, Nebraska, ignored these claims in its opinion. The petitioner is incorrect. He did not present Claims One and Three to the District Court of Douglas County, Nebraska. Thus, it was impossible for that

---

[3] The petitioner does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has carefully reviewed the state court records in this matter and finds that the record does not support such claims.

7

court to ignore claims which were not presented. Further, while the petitioner may be correct that the Nebraska Supreme Court ignored Claims One and Three (which were presented on appeal), it was appropriate to do so under Nebraska Supreme Court precedent due to the petitioner's failure to first present them to the District Court of Douglas County, Nebraska. Because the petitioner has not demonstrated cause and prejudice to excuse the procedural default, Claims One and Three are dismissed.

**B.     Petitioner's Claims Two and Four**

For his Claims Two and Four, Johnson argues that his trial and appellate counsel was ineffective because he failed to object to the introduction of the victim impact statement, failed to object to the imposition of consecutive sentences, and failed to raise both of these issues on direct appeal, filing No. 1 at CM/ECF pp. 6-8. A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States,* 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones,* 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland,* 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States,* 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d

1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action, 466 U.S. at 689.

Regarding Claim Two, that counsel was ineffective for failing to object to the victim witness statement and for failing to raise the issue on direct appeal, the petitioner has not overcome the substantial deference the court must give to the District Court of Douglas County, Nebraska's decision. Although it was a short and summary opinion, that court specifically found that there was "no allegation of fact to support that the alleged deficient performance of counsel in any manner prejudiced the defense of the defendant." (Filing No. 10-11, Attach. 10, at CM/ECF p. 17.) Thus, the last reasoned opinion of the state court found that Johnson was not prejudiced by his lawyer's alleged deficient performance, and that determination is plainly entitled to deference. *See, e.g.*, *Hoon v. Iowa*, 313 F.3d 1058, 1061-1062 (8th Cir. 2002) (reversing federal district judge's contrary ruling because under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas court must give substantial deference to the state court's analysis of the evidence; holding that state court's decision that defense counsel's deficient performance in failing to object to admission of co-defendant's confession did not prejudice petitioner in light of other evidence of the petitioner's guilt, and was not an objectively unreasonable application of the *Strickland* federal ineffective assistance of counsel standard, as required to support habeas relief under AEDPA).

Even if this court were to review Claim Two *de novo*, the result would be the same. The petitioner argues both that his counsel did not receive the statement prior to sentencing and that, if he did receive it, he should have objected to its use by the court in determining the petitioner's sentence, filing No. 13 at CM/ECF pp. 7-8. There is no question that the petitioner's counsel received and analyzed the victim impact statement of "Mr. Reed" prior to the sentencing hearing, filing No. 10-2, Attach. 1, at CM/ECF pp. 25, 27. In his remarks at sentencing, The petitioner's counsel specifically referenced the victim impact statement as follows:

> Your honor, I have reviewed the statement from, I believe, Mr. Reed. I certainly sympathize with his plight. I do believe though there's probably some other folks that are involved with that actual incident that he is indicating and not Mr. Johnson.

(*Id.* at CM/ECF p. 25.)

As for the argument that counsel should have objected, this amounts to nothing more than a challenge to counsel's "strategic choices made after thorough investigation. *Strickland*, 466 U.S. at 689. Such strategic choices are unassailable in a federal habeas corpus action. *Id.* This court will not (and cannot) second-guess the District Court of Douglas County, Nebraska's opinion or counsel's strategic choices to "sympathize" with the victim and argue about the veracity of the victim impact statement rather than object to its consideration at sentencing. The petitioner's Claim Two must therefore be dismissed.

The same analysis applies to the petitioner's Claim Four. The petitioner argues that his counsel was ineffective because he failed to object to the imposition of consecutive sentences under the double jeopardy clause and did not raise the issue on direct appeal. Again, the District Court of Douglas County, Nebraska, found that there was no factual basis for this claim, filing No. 10-11, Attach. 10, at CM/ECF p. 17. A *de novo* review of the record shows that the petitioner's trial counsel addressed the consecutive sentence issue at sentencing:

> Judge, all three of these accounts happened at the same time. . . . Judge, as such, I would request the Court to run these sentences concurrent as they did occur all at the same part and parcel of this date and time and regarding the facts surrounding this.

(Filing No. 10-2, Attach. 1, at CM/ECF p. 24.) As with the victim impact statement, this court will give the trial court the substantial deference it deserves and will not second-guess trial counsel's strategic decision to address the issue as a "request" rather than an "objection." Trial counsel requested that the sentences be imposed concurrently, and the trial judge declined to do so. It is clear that the

petitioner knew that he could be sentenced to consecutive sentences, and he still voluntarily pleaded no contest to all charges. On the record before the court, Claim Four must be dismissed.

### C.    Petitioner's Claim Five

For his Claim Five, Johnson seeks relief because the District Court of Douglas County, Nebraska, failed to hold an evidentiary hearing on his post-conviction motion. However, errors and defects in state post-conviction proceedings are not cognizable in federal habeas corpus cases. *See, e.g., Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir.1989) (stating that failure by state post-conviction court to hold a hearing and provide written findings is not cognizable in federal habeas corpus action). Thus, relief under 28 U.S.C. § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. Accordingly, Johnson's Claim Five is dismissed.

### D.    Petitioner's Claim Six

Although it is not clear from the face of the petition and the court did not previously include it in its orders, the parties have addressed a "Claim Six" in their briefs. (*See* filing No. 12 at CM/ECF pp. 11-12; filing No. 13 at CM/ECF p. 11.) For his Claim Six, the petitioner argues that he is entitled to habeas corpus relief because his trial counsel was ineffective in failing to file a petition for further review on his direct appeal, which has caused the procedural default of his claims in this court , filing No. 13 at CM/ECF p. 11. The petitioner raised this claim to the District Court of Douglas County, Nebraska. As with the petitioner's other claims, this court must grant substantial deference to the District Court of Douglas County, Nebraska's decision which found no basis for this claim, filing No. 10-11, Attach. 10, at CM/ECF p. 17.

In addition, "[c]laimed excessiveness of a sentence is not reviewable" in a habeas corpus action. *Walsh v. White*, 32 F.2d 240, 241 (8th Cir. 1929). Further, where the "sentence is within that authorized by the statute the length thereof cannot be" addressed through habeas corpus review. *Id.*; *see also Wharton-El v. Nix*, 38 F.3d 372, 375 (8th Cir. 1994) (denying habeas relief for sentencing error when the sentence imposed falls within statutory guidelines and where the petitioner failed to show "(1) a clear and convincing case of abuse of discretion; or (2) a patent violation of a constitutional guarantee").[4]

The petitioner was convicted of three Class IV felonies, each of which is punishable by a maximum of five years imprisonment. Neb. Rev. Stat. § 28-105. There is no minimum punishment for a Class IV felony. Neb. Rev. Stat. § 28-105. The petitioner received sentences of 18-36 months on each count, with his time to be served consecutively. Thus, the petitioner's sentences are clearly within the statutory range, filing No. 10-2, Attach. 1, at CM/ECF p. 28. The only claim raised on direct appeal was that the petitioner was given an excessive sentence, filing No. 10-2, Attach. 1, at CM/ECF p. 4. This court does not have the discretion to review claims for excessive sentences in habeas corpus actions where the sentence falls within the statutory range. Therefore, the petitioner's counsel's failure to file a petition for further review only caused the procedural default of an excessive sentence claim not reviewable by this court and no prejudice could result from such failure. In light of the deference due the state court's decision and the inability of this court to review excessive sentence claims, Claim Six is dismissed.

---

[4]Federal courts have an obligation to ensure that "a criminal sentence [is] proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983). While the petitioner has not asserted a "proportionality" claim here, such a claim would likely be unsuccessful given his numerous previous convictions and the fact that he avoided being sentenced as a "habitual criminal" pursuant to his plea agreement. (Filing No. 10-2, Attach. 1 at CM/ECF p. 14.)

IT IS THEREFORE ORDERED that:

1. the petitioner Vernon R. Johnson's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. a separate judgment will be entered in accordance with this memorandum and order.

3. the petitioner's Motion for Scheduling (filing no. 15) is denied as moot.

Dated May 28, 2008.

                    BY THE COURT

                    s/ Warren K. Urbom
                    United States Senior District Judge